Mollie **NUSSBACHER**, Plaintiff,

v.

**CONTINENTAL ILLINOIS BANK AND TRUST COMPANY OF CHICAGO et al., Defendants.**

**No. 73 C 512.**

United States District Court,
N. D. Illinois, E. D.

July 16, 1973.
Supplemental Opinion Dec. 18, 1973.

---

Williams & Leonard, Chicago, Ill., Silverman & Harnes, New York City, for plaintiff.

Mayer, Brown & Platt, James E. S. Baker, Sidley & Austin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

Plaintiff, a shareholder in Leasco Corporation, commenced this derivative action on its behalf against Continental Bank and Trust Company of Chicago and the Leasco directors. Plaintiff seeks to recover for Leasco damages sustained as a result of defendants' violations of the Securities Exchange Act of 1934 and the credit margin requirements of the Federal Reserve Board. The principal claim presented asserts that certain lending institutions, the most prominent of which was defendant Continental, unlawfully extended credit to enable Leasco to accomplish a takeover of Reliance Insurance Company. For a detailed factual treatment of the Leasco-Reliance takeover and some of the federal violations resulting therefrom, see Judge Weinstein's decision in Feit v. Leasco, 332 F.Supp. 544 (E.D.N.Y. 1971). Such a presentation is unnecessary in the resolution of the instant matter.

Defendant Continental moves to dismiss the complaint on the grounds that plaintiff failed to verify it and to allege, with particularity, reasons excusing the making of a prior demand upon Leasco's directors. Continental further contends that the alleged defects are fatal and require dismissal. For reasons stated below, defendant's motion to dismiss is granted with leave to amend. Both issues are treated in this opinion in the event that plaintiff is able to cure her complaint upon amendment.

### I. Verification of the Derivative Complaint.

Fed.R.Civ.P. 23.1 specifies that the complaint in a derivative action must be verified. Prior to instituting this claim, plaintiff commenced a similar suit in the United States District Court for the Southern District of New York. Although that action was dismissed for lack of proper venue, the complaint submitted therein was verified and nothing presented to this court leads me to believe that the failure to verify here was anything other than an inadvertent mistake. Indeed, plaintiff has now proffered verification and has submitted an affidavit demonstrating her good faith in this regard. The best authorities maintain that failure to verify is a technical defect, curable by amendment. 2 Moore, Federal Practice ¶ 3.04 2d Ed. (1970); 7A, C. Wright & A. Miller, Fed-

eral Practice and Procedure § 1827 (1972); *cf.* Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L. Ed.2d 807 (1966). And I so hold.

## II. Demand on Directors.

Again turning to Rule 23.1, a proper derivative suit must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors . . . and the reasons for his failure to obtain the action ·or for not making the effort." Plaintiff's excuse for not making demand is that the directors are defendants herein, had knowledge of and acquiesced in the wrongs set forth in the complaint, and are jointly and severally liable for the damages caused to Leasco.

Defendant responds that none of the directors have been personally served, that all director decisions pertinent to this action are protected from the shareholder attack by the business judgment rule, and that the directors cannot be liable under the credit margin requirements since, at the time these transactions occurred, such rules were applicable only to lender institutions. I find this line of argument highly persuasive.

The rationale of the Rule 23.1 demand requirement is that the corporate board of directors, exercising their reasonable and good faith business judgment, possesses the paramount right to corporate control and management. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The power and right to invoke judicial sanctions to rectify corporate injuries resides in the board of directors and represents an integral aspect of their duties.

While excuse of demand is wholly within the sound discretion of the trial court, Robison v. Caster, 356 F.2d 924 (7th Cir. 1966), it is usually limited to cases where the directors wrongfully refuse to pursue corporate rights or are personally involved in the wrongdoing. Fletcher, Corporate Cyclopedia, § 5965, n. 2 (1970); Note, 73 Harv.L.Rev. 746, 753 (1960) (citing cases). Indeed, mere approval of corporate action, absent self-interest or bias, cannot be the basis for establishing director misconduct since directors are afforded such considerable latitude in managing their corporations. In re Kauffman Mutual Fund Actions, 479 F.2d 257 (1st Cir. 1973). To hold otherwise would be to strip Rule 23.1 of any logical meaning. Thus, before a court will dislodge control from its rightful possessors, the complaining shareholder must show that his complaint is an exceptional one. This burden rests squarely with the plaintiff and may be raised by any party to the action. See, *e. g.*, Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827 (1881) (lack of demand raised by city of Oakland), and Robison v. Caster, *supra* (issue raised by individual defendant's executor). The shareholder must, in short, either diligently exhaust his internal corporate remedies or "allege with particularity" the reasons why such exhaustion would be meaningless.

Plaintiff's broad, conclusory allegations of wrongdoing by the directors are unsupported by underlying facts and, indeed, are contradicted by the fact that the directors, as members of a borrowing corporation, could not be liable under the credit margin rules, even if a violation was proven. Plaintiff's complaint alleges no other "wrongdoing," nor can such conclusions be fairly drawn from plaintiff's documents.

In this context, I cannot find that demand upon the directors would be futile or useless. If plaintiff is correct in her conclusory allegations of director liability and hostility, such facts must be properly alleged and verified. No such facts are so alleged and verified. Accordingly, defendant's motion to dismiss is granted with leave of 20 days to amend plaintiff's complaint in accordance with this decision.

Plaintiff's contentions concerning the law of the case doctrine have been considered and are resolved against her. See Moore, Federal Practice, ¶ 0.404 (2d ed. 1970).

So ordered.

## SUPPLEMENTAL OPINION

In attempted compliance with my Memorandum Opinion and Judgment Order of July 16, 1973, plaintiff filed her verified amended complaint on September 7, 1973. Therefore, she has cured the first defect in her original complaint, namely, her failure to verify it. However, defendant Continental Bank now moves to dismiss again because of plaintiff's failure to comply with the requirement under Fed.R.Civ.P. 23.1 that formal demand be made upon the Leasco board of directors to enforce the alleged right of the corporation or that there be a showing of an adequate excuse for failure to make such a demand.

The subject, then, of this supplemental opinion is resolution of the question whether plaintiff's amended complaint meets the demand requirements of Fed.R.Civ.P. 23.1. The allegations of both the original complaint and the amended complaint which are pertinent to the instant matter are set forth in the margin.[1] Each of these allega-

---

1. The allegations of the original complaint are as follows:

26. The individual defendants who are the directors of Leasco participated, approved and acquiesced in the wrongful transactions hereinbefore set forth. They are liable, jointly and severally, to Leasco for the losses sustained by it.

27. Demand upon the directors to bring this action would be futile because:

(a) The directors are defendants herein and are jointly and severally liable for the damages caused to Leasco.

(b) The directors had knowledge of and acquiesced in the wrongs set forth in this complaint. In view of the fact that they have approved of the wrongdoings, it is unreasonable to expect them to reverse their former position and assert this action on behalf of Leasco.

(c) The board had knowledge of the wrongs set forth in this complaint for a long period of time and has failed to take any action to remedy the situation.

28. * * * *

(c) Even if the shareholders were to direct the board of directors to bring this action, its control would lie in the hostile hands of the directors, who could not be entrusted with its effective prosecution.

The allegations of the amended complaint are as follows:

32. Plaintiff has not made demand upon Leasco's directors to commence the within action since, for the following reasons, she believes such demand to be a futile and useless act.

A. (i) After commencing an identical action in the United States District Court for the Southern District of New York, representatives of plaintiffs initiated a discussion with representatives of Leasco to determine whether Leasco would assist plaintiff directly or indirectly in the prosecution of that action. Plaintiff was informed that Leasco's representatives refused to assist plaintiff in any way.

(ii) On May 10, 1971, Leasco informed the Arrangers and Lenders that it had been advised by counsel that "it must adopt a neutral stance with regard to the lawsuit."

(iii) Leasco's Board of Directors met on April 18, 1972 and discussed the New York action brought by plaintiff. At that meeting, the Board decided that it would be "contrary to business ethics" and the corporation's interest for Leasco to have initiated such action.

(iv) In view of the expressed attitude of Leasco's Directors in an identical action commenced by plaintiff in which the defendant Continental was a defendant for a portion of the time, plaintiff does not believe that Leasco's Directors would adopt a different attitude were demand to have been made by her upon them prior to the commencement of this action.

B. The Leasco Directors, constituting a majority of its present Board, participated in and aided and abetted the Arrangers and Lenders in the illegal credit plan. They are personally liable for damages sustained by Leasco. Being personally involved in the wrongdoing, they cannot reasonably be expected to enforce Leasco's rights.

C. Because of their personal involvement, the Leasco Directors are seeking to vindicate their actions and are prevented from an unprejudicial consideration of the merits of this action.

tions shall be considered in concluding that defendant's motion to dismiss must be granted with prejudice.

At the outset, it should be noted that the principles enunciated in my July 16, 1973 opinion are the law of this case; and, therefore, they shall be adhered to in considering defendant's motion to dismiss. In particular, the principles adopted from the case of In re Kauffman Mutual Fund Actions, 479 F.2d 257 (1st Cir. 1973), cert. denied, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973) control the outcome of the pending motion.

A. *Refusal of the board to assist plaintiff in a previous identical action in which she had failed to formally demand that it enforce the rights of the corporation is not a sufficient excuse for her failure to so demand in the instant suit.*

In sentence 32–A(i) of the amended complaint, plaintiff alleges and contends she is not required to demand that the board enforce the rights of Leasco because it already refused to assist her in a previous identical action filed in the United States District Court for the Southern District of New York. However, she goes on to admit, in effect, that she did not make a formal demand of the board, but rather, had merely "initiated a discussion with representatives of Leasco to determine whether Leasco would assist" her in the prosecution of that action. Thus, plaintiff appears to be of the view that the prior refusal of the board to assist her, despite the absence of a formal demand for such action, is a sufficient excuse for her failure to make such a demand in the present case.

Plaintiff's position is an untenable attempt to bootstrap herself over the hurdles placed in her path by Fed.

R.Civ.P. 23.1. *See* In re Kauffman Mutual Fund Actions, 479 F.2d 257, 264 (1st Cir. 1973), cert. denied, 107 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 414 (1973). In the absence of formal demand that it enforce the right of the corporation, mere refusal of the board of directors to assist a shareholder in her first derivative suit—or even the board's opposition to said suit—is not an adequate excuse for failure to comply with the demand requirements of Fed.R.Civ.P. 23.1 in a subsequent separate suit to recover on the original cause of action. Accordingly, the above allegations are insufficient to excuse formal demand that the board of directors seek to recover on the cause of action alleged in the complaint.

Sentences 32–A(ii), (iii) and (iv) of the amended complaint are also insufficient, since they merely allege that the Board "had been advised by counsel that 'it must adopt a neutral stance with regard to the lawsuit,' " and that the board "decided that it would be 'contrary to business ethics' and the corporation's interest for Leasco to have initiated such action." Such allegations in no way demonstrate that making a formal demand upon the board would be a useless or futile gesture, and therefore, they do not present an adequate excuse for failure to comply with Fed.R.Civ.P. 23.1.

B. *General and conclusory allegations of aiding and abetting, and participating in, illegal activity which allegedly injured the corporation is not a showing of self-interest or bias in the board against enforcing the rights of the corporation which would be sufficient to excuse the demand requirements of Fed.R.Civ.P. 23.-1.*

In my previous opinion, I observed that "mere approval of corporate action,

D. Because of the close relationship between the Leasco Directors and the Arrangers and Lenders, they are further prevented from an unprejudicial consideration of the merits of this action.

absent self-interest or bias, cannot be the basis for establishing director misconduct" sufficient to excuse a shareholder from having to formally demand that the board enforce an alleged right of the corporation.[2] Furthermore, I held that broad and conclusory allegations of wrongdoing by the directors which are unsupported by underlying facts are not adequate to excuse the requirements of Rule 23.1.[3]

 Plaintiff has failed to repair the defects in her original complaint. She presently alleges in subparagraph 32–B that the Leasco Board participated, and aided and abetted, in the alleged illegal loan in this case, that, as a result, they are personally liable to the corporation, and that therefore they are sufficiently biased so as to excuse the requirement of Rule 23.1. This is clearly not enough, since, in the first place, the directors are *not* personally liable under the law as it existed at the time of the loan in question;[4] and, in the second place, the remaining allegations merely state the directors, in their official capacity, "participated in and aided and abetted" in the illegal loan. Thus plaintiff fails to allege any underlying facts indicating self-interest or bias in the board of directors which would excuse demand that it take on the suit; and the same is true of subparagraphs 32–C and D of the amended complaint. They all utterly fail to allege specific, underlying facts indicating any self-interest or bias in the directors which would justify wresting from them their power and right to determine whether to enforce a right of the corporation. Plaintiff therefore fails to meet the demand requirements of Fed.R.Civ.P. 23.1, and therefore defendant's motion to dismiss must be granted with prejudice.

Such dismissal shall, of course, have no *res judicata* effect as far as the *mer-*

*its* of the case are concerned. Rather, it affects only the issue of demand or excuse thereof under Rule 23.1.

So ordered.

2. See my opinion of July 16, 1973 p. 402.

