LeRoy W. BENOAY, et al., Plaintiffs,

v.

Donald C. DECKER, et al., Defendants.

Civ. A. No. 74–72861.

United States District Court,
E. D. Michigan, S. D.

June 30, 1981.

Bolden & Blake, P. C. by Benjamin F. Blake, Patmon, Young & Kirk, P. C. by Frederick A. Patmon, Ulysses W. Boykin, III, Detroit, Mich., for plaintiffs.

Clark, Klein & Beaumont by Laurence M. Scoville, Jr., David H. Paruch, Detroit, Mich., for defendants Coopers & Lybrand, Lybrand, Ross Bros. & Montgomery, Edward Premo and Wilbur Pfromm.

Weisman, Trogan & Young, P. C. by Martin C. Weisman, Troy, Mich., for defendants Bonisteel & Bailey, Bonisteel, Bailey & Sikorski, Joseph Ehlen, Robert Barnes, and Dominic Ferranti.

Honigman, Miller, Schwartz & Cohn by Stephen Wasinger, Detroit, Mich., for defendants Fred Romanoff, Stanford C. Stoddard, George A. Pierson, and Michigan National Bank.

Bodman, Longley & Dahling by George G. Kemsley, Detroit, Mich., for defendants Manufacturers National Bank, Donald E. Black and John A. Mays.

Collins, Einhorn & Farrell, P. C. by Morton H. Collins, Southfield, Mich., for defendants Peter Bentley, and Maguire, Cole, Bentley & Babson.

Dykema, Gossett, Spencer, Goodnow & Trigg by Gregory M. Kopacz, Detroit, Mich., for defendants John K. Cannon, Lloyd A. Semple, Theodore H. Oldham, Alan R. Dominick, and Dykema, Gossett, Spencer, Goodnow & Trigg.

Golden & Lakind by Robert H. Golden, Southfield, Mich., in pro. per. and for defendant POM Financial Corp.

Weisman, Trogan & Young, P. C. by Martin C. Weisman, Troy, Mich., for defendant Roy McCrae.

Kaufman & Friedman by P. David Palmiere, Southfield, Mich., for defendant Donald C. Decker.

Alan R. Miller, P. C. by Alan R. Miller, Birmingham, Mich., for defendants Kenneth E. Tureaud and RSA Corp.

Hill, Lewis, Adams, Goodrich & Tait by Timothy D. Wittlinger, Detroit, Mich., for defendants Richard C. Sanders, Walter L. Maguire, The Maguire Foundation.

## OPINION

GILMORE, District Judge.

Several newly-added defendants to this case have brought motions to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). The issue is whether plaintiffs have pleaded fraud with sufficient particularity to meet the requirements of FRCP 9(b).

This suit arose out of alleged fraud in the sale and management of oil and gas interests bought by plaintiffs in 1971. The origi-

nal complaint was filed on November 26, 1974, and the first amended complaint was filed on January 10, 1975, naming 16 defendants and 35 additional "John Doe" defendants.

The 16 named defendants [1] have all filed answers and discovery has been completed. No motions involving these defendants are presently before the Court.

At issue are motions being brought by several of the "Doe" defendants.[2] On December 15, 1980, Judge Boyle of this Court granted plaintiffs leave to add additional parties. Through their Second Amended Complaint, plaintiffs have added the names of 35 new defendants, substituting their names wherever "Doe" appeared in the First Amended Complaint.

The Second Amended Complaint contains 19 counts. We are concerned here with four counts (I, II, III & XIV), which are the only ones which allege violation of federal law against the "Doe" defendants who are bringing these motions. These are the only counts which provide the basis for federal jurisdiction in this case. These counts allege violations of the 1933 and 1934 Securities Acts—15 U.S.C. 77l, § 12(1); 15 U.S.C. 77l, § 12(2); 15 U.S.C. 78j, § 10(b), and Securities and Exchange Commission Rule 10b–5, 17 CFR 240.10b–5 (1975). The remaining claims are state claims.

### I

FRCP 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs have failed to meet this requirement regarding the "Doe" defendants now before us.

Rule 9(b) clearly applies to claims of securities fraud under the 1933 and 1934 Securities Acts. "Intent to deceive, manipulate, or defraud" is a necessary element in stating a claim under § 10(b) of the Securities Act. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1975). Without alleging fraud, plaintiffs have no claim under 10(b) of the Securities Act. The Rule 9(b) requirement of particularity also applies to the claims of fraudulent concealment which are present in this case. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978).

Rule 9(b) "is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules." 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1297, 405. In the context of securities litigation it has generally been held that Rule 9(b) serves three purposes: 1) it ensures that allegations are specific enough to inform a defendant of the act of which the plaintiff complains, and to enable him to prepare an effective response and defense; 2) it eliminates those complaints filed as a pretext for the discovery of unknown wrongs—a 9(b) claimant must know what his claim is when he files; and 3) it seeks to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill. *In re Commonwealth Oil/Tesoro Petroleum Corporation Securities Litigation*, 467 F.Supp. 227 (W.D. Texas, 1979) at 250. *See also Ross v. A. H. Robins Company, Inc.*, 607 F.2d 545, 557 (2d Cir. 1979).

With these purposes in mind, it is clear to this Court that plaintiffs have

---

**1.** In 1975, default judgments were entered against defendants POM, POM Financial and NRIC. These defendants appear to be the primary defendants in this case, whose activities give rise to the allegations in the Complaint.

**2.** The following "Doe" defendants have brought motions to dismiss under 9(b): Coopers & Lybrand; Lybrand, Ross Bros. & Montgomery; Edward Premo; Wilbur Pfromm; Ehlen; Barnes; Ferranti; Bonisteel & Bailey; Bonisteel, Bailey & Sikorski; Romanoff; Stoddard; Pierson; Black; Mays; Bentley; Maguire, Cole, Bentley & Babson; Cannon; Semple; Oldham;

Dominick; Dykema, Gossett, Spencer, Goodnow & Trigg; Robert H. Golden. The following "Doe" defendants have never been served with process: Alexander Karl Scharff; Stuart F. Dingle; Vaughn P. Merrill; Robert Mason; Robert E. Cohenour; Robert Roskowski; John Kreag; Carmine S. Romano; James F. Addington; Edmund J. Lisius; Bernard Epstein. With regard to these defendants, the Court will order dismissal because they have not been served and more than six months have elapsed since they have been added.

failed to meet the requirements of Rule 9(b). The Second Amended Complaint merely substitutes the actual names of 35 defendants for the "Doe" in the original complaint. The defendants now before the Court comprise a varied group of accounting firms and their employees; law firms and their employees; and bank employees. Yet the complaint makes no attempt to distinguish among them.

This is inadequate; each individual defendant must be appraised separately of the specific acts of which he is accused, especially in a case involving multiple defendants. *Brew v. Philips, Apel & Walden, Inc.*, CCH Fed.Sec.L.Rep. # 97,697 (S.D.N.Y. 1980); *Golberg v. Meridor*, 81 F.R.D. 105 (S.D.N.Y.1979). "The complaint, therefore, may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D.Cal.1980), *quoting Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518 (S.D.N.Y.1977).

Nor can the Court accept plaintiffs' argument that more "discovery" should be allowed in order to specify their allegations. This case has been in federal court for seven years. Discovery has been completed against the original defendants, and some of this involved discovery against the newly-added defendants now before the Court. If these defendants have committed fraudulent acts or aided and abetted in them, plaintiffs should be able to specify them with some degree of particularity. This has not been done. In none of the documents which the plaintiffs have submitted to this Court have they been able to detail with any particularity the acts of which the newly-added defendants are being accused. The purpose of a fraud complaint is to "seek redress for a wrong, not to find one." *Segal v. Gordon*, 467 F.2d 602, 606–08 (2d Cir. 1972).

Plaintiff's citation to *Denny v. Carey*, 72 F.R.D. 574 (E.D.Pa.1976), where plaintiffs survived a 9(b) motion and were given an opportunity through discovery to specify their allegations, is not helpful here. *Denny* refers to discovery once the plaintiff has satisfied the minimum burden of Rule 9(b). Rule 9(b) provides a threshold plaintiffs must cross before they can rely on future discovery.

Plaintiffs also point to certain general allegations in their complaint. But "mere general allegations that there was fraud, corruption or conspiracy or characterizations of acts or conduct in these terms are not enough, no matter how frequently repeated. Nor do statements of 'malice, intent, knowledge, or other conditions of mind' in general terms under the last sentence of Rule 9(b) substitute for particularizations of the circumstances constituting the fraud charged." *Chicago Title & Trust Co. v. Fox Theatres*, 182 F.Supp. 18, 31 (S.D.N.Y.1960), *quoted* in *McKee v. Federal's Inc.*, No. 76–70695 (E.D.Mich.1980). In *McKee*, Judge Thornton of this District held a complaint against the Arthur Young Accounting Firm inadequate under Rule 9(b). The allegations there were far more specific than the allegations in the present complaint.

The allegations in the present complaint against the newly-added defendants never surpass mere general allegations of fraud. When specific acts are alleged in the complaint, the only tie-in to the "Doe" defendants is that they are alleged to be "co-conspirators" in the alleged act. There is never a direct link between a specific act and a "Doe" defendant. This is insufficient to provide the "Doe" defendants with notice under Rule 9(b).

There is also an important policy consideration here. In connection with securities litigation, the Supreme Court has recognized that "the concern expressed for the danger which could result from a widely expanded class of plaintiffs under Rule 10b–5 is founded in something more substantial than the common complaint of many of the defendants who would prefer avoiding lawsuits entirely to either settling them or trying them . . . . even a complaint

which by objective standards may have very little chance of success at trial has a settlement value to the plaintiff out of proportion to its prospect of success at trial so long as he may prevent the suit from being resolved against him by dismissal or summary judgment." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 740, 95 S.Ct. 1917, 1927, 44 L.Ed.2d 539 (1974). Given the length of time that plaintiffs have had to specify their allegations, given the fact that several of the primary defendants are in default due to bankruptcy and given the late date at which the present defendants have been added to this case, this Court cannot help but believe that the warnings in *Blue Chip Stamps* are applicable here.

Plaintiffs contend that previous rulings in this case which have rejected Rule 9(b) motions of certain original defendants should be controlling here. But these rulings concern the original defendants, not the "Doe" defendants. Furthermore, they concern primary defendants who are referred to specifically by name in the complaint. Specific acts are alleged against them. Plaintiffs' analogy is not persuasive. In fact, their argument only points to the contrast between the specificity of the allegations against certain of the primary defendants and the secondary, newly-added "Doe" defendants.

The Court is not unaware of the equities involved here. While not wanting to give plaintiffs a mere pretext for discovery, Rule 9(b) should not allow "defendants by sophistical claims of ignorance, to plow meritorious claims into stumps." *In re Com. Oil* at 251. "The artless drafting of a complaint should not allow for the artful dodging of a claim." *Morse v. Peat, Marwick, Mitchell & Co.*, 1975–76 (CCH) Fed.Sec.L.Rep. # 95,-492 (S.C.N.Y.1976). But the length of time here has tilted the balance in favor of defendants.

Granting defendant's 9(b) motion requires dismissal of the federal claims with prejudice. Rule 9(b) is a substantive rule; failure to state fraud with particularity means that plaintiff has failed to state a

valid claim. The complaint stands "as if the essential allegation of fraud had never been made." *Kellman v. ICS, Inc.*, 447 F.2d 1305, 1310 (6th Cir. 1971). The time frame here, as well as the fact that this is the Second Amended Complaint, makes it unwise for us to grant plaintiffs leave to replead.

## II

Our treatment of the 9(b) motion here as a failure to state a valid claim under 12(b)(6) is valid for other reasons. Plaintiffs have failed to state a valid claim under the 1933 and 1934 Securities Act.

§ 12(2) of the 1933 Securities Act prohibits the offer or sale of a security by means of a prospectus or oral communication containing a material untrue statement or an omission of a material fact. The action is limited to being against the "person who offers or sells" the security—the immediate seller. There must be a purchaser-seller relationship to state a claim under 12(2). There is no allegation that such a relationship exists between plaintiffs and the newly-added "Doe" defendants: "We have no difficulty in concluding that Congress intended the unambiguous language of § 12(2) to mean exactly what it says: 'Any person who ... offers or sells a security ... shall be liable to the person purchasing from him...' This section is designed as a vehicle for a purchaser to claim against his immediate seller. Any broader interpretation would not only torture the plain meaning of the statutory language but would also frustrate the statutory scheme ..." *Collins v. Signetics Corp.*, 605 F.2d 110, 113 (3d Cir. 1979). *See also McFarland v. Memorex Corp.*, *supra* at 647–48 (in accord with *Collins* and also rejecting the possibility for an "aiding and abetting" or "conspiracy" claim against secondary defendants under 12(2)). Cases like *In re Caesars Palace Securities Litigation*, 360 F.Supp. 366 (S.D.N.Y.1973), cited by plaintiffs, do not seem to be controlling today, especially in light of Supreme Court decisions which have restricted implied causes of action in securities fraud litigation.

■ Plaintiffs have also failed to state a valid claim under § 10(b) which prohibits the use of manipulative or deceptive devices "in connection with the purchase or sale of securities." It is given effect by Rule 10b–5 which makes unlawful the use of fraud or deceit in connection with the purchase or sale of any security. Recent Supreme Court decisions have greatly restricted the breadth of 10(b) actions.[3] Controlling here is *Ernst & Ernst v. Hochfelder, supra,* where the Court held that an accounting firm could not be sued under 10(b) for negligence because *scienter* is a separate and necessary element of 10(b) private actions for damages. The Court reversed a holding that an accountant firm was liable under 10(b) as an "aider and abetter."

Plaintiff's failure to plead fraud with specificity under 9(b) places in serious doubt whether they have satisfied the *scienter* requirements of *Ernst.*

It is also doubtful that a claim for "aiding and abetting" or "conspiracy" will continue to exist under 10(b). The Court did not reach this issue in *Ernst,* but its statement that intent is necessary to state a claim under 10(b) implicitly holds that aiding and abetting liability will not exist apart from liability for a direct violation. See 425 U.S. at 191–92 n.7, 96 S.Ct. at 1380 n.7. Recent commentary supports this view.[4] This is also further supported by decisions which hold that liability under 10(b) is solely a question of Congressional intent. Reliance on tort law principles for implying a right of action under the Securities Act is "entirely misplaced." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979).

■ At the very least, allegations of "aiding and abetting" and "conspiracy" under 10(b), which are the primary allegations against the newly-added "Doe" defendants, should be put to a strict test. *SEC v. Coffey,* 493 F.2d 1304, 1316 (6th Cir. 1974), cert. den., 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975). Aiding and abetting liability must be denied when there is no duty to disclose. *IIT v. Cornfield,* 619 F.2d 909 (2d Cir. 1980). Plaintiff's complaint is insufficient because it fails to allege what duty, if any, defendants owed to them. A similar ruling was made in another case arising out of the same transactions in this case, involving some of the same primary defendants in this case. Judge Feikens of this District dismissed the complaint against defendant Manufacturers National Bank as an "aider and abettor" because there were no allegations that the bank owed a duty to the plaintiff in the case. *Resource Investors Group v. Natural Resource Investment Corp.,* 457 F.Supp. 194, 200 (E.D.Mich.1978).

■ The 10(b) allegations also fail because they do not demonstrate that the activities of the "Doe" defendants occurred "in connection with the purchase or sale of securities," required by the language of the Act. A relationship must be shown between the fraud at the time of the purchase of the securities and the post-fraud "cover-up" that is being alleged. *Morgan v. Prudential Funds, Inc.,* 446 F.Supp. 628, 633 (S.D.N.Y.1978). Where full value has been received at the time of the investment and the proceeds later mishandled by management, no securities claim is presented. *In re Investors Funding Corporation of New York Securities Litigation,* 1980 Fed.Sec.L. Rep. (CCH) # 97,696 (S.D.N.Y.1980). *Roc-*

---

**3.** Aside from *Ernst & Ernst* and *Blue Chip Stamps, supra,* the Supreme Court has also held in *Sante Fe v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977) that 10(b) could not be used to redress an alleged breach of fiduciary duties under state law, refusing to allow federal securities law to overlap with state corporate laws and in *Chiarella v. U. S.,* 445 U.S. 222, 100 S.Ct. 1109, 63 L.Ed.2d 348 (1980), the court reversed a criminal conviction under 10(b), holding that a 10(b) case of omis-

sion to report must be premised on a relationship of "trust and confidence between parties to a transaction."

**4.** Fischel, *Secondary Liability Under Section 10(b) of the Securities Act of 1934,* 69 Calif.L. Rev. 80 (1981): "The thesis of this article is that the theory of secondary liability is no longer viable in light of recent Supreme Court decisions strictly interpreting the federal securities laws." *Id.* at 82.

helle v. Marine Midland Grace Trust Co., 535 F.2d 523 (9th Cir. 1976).

 Plaintiffs argue that the default judgments against some of the primary defendants in this case and several consent judgments obtained by the SEC against several of the primary defendants are binding here through a theory of collateral estoppel. This argument is entirely misplaced. Entry of default as to one party does not determine any rights of the remaining parties. United States v. Borchardt, 470 F.2d 257, 260 (7th Cir. 1972). Nor does it preclude any remaining party from fully litigating all of the issues and defenses. Hawkeye-Security Insurance Co. v. Schulte, 302 F.2d 174 (7th Cir. 1962). Plaintiff's argument that the "Doe" defendants are "in privity" with the defendants named in the consent orders is irrelevant. A consent order represents no presentation or adjudication of the issues, and therefore collateral estoppel does not apply. Lipsky v. Commonwealth United Corporation, 551 F.2d 887, 893–94 (2d Cir. 1976) (SEC consent judgment); 18 Wright, Miller & Cooper, Federal Practice & Procedure, § 4443 at 389–88.

We also reject plaintiff's request to treat these 12(b)(6) motions as a motion for summary judgment under Rule 56 requiring material outside the pleadings. The Court's decisions in this case have been based entirely on the pleadings before it; no outside material has been considered.

 Finally, this complaint must be dismissed because it is time barred. § 13 of the 1933 Securities Act provides a clear statute of limitations for actions under 12(2) of the Act. An action must be brought one year "after discovery" or "in no event shall any action be brought . . . more than 3 years after the security was bona fide offered to the public or under 12(2) . . . more than 3 years after the sale." This sets an absolute limit of 3 years after the sale. The sale in this case took place in 1971, which absolutely bars a 12(2) action against the "Doe" defendants before this Court. No tolling is allowed. Cowsar v. Regional Recreations, Inc., 65 F.R.D. 394,

397 (M.D.La.1974). Fraudulent concealment does not toll § 13 actions. Brick v. Dominion Mortgage & Realty, 442 F.Supp. 283, 291 (W.D.N.Y.1977). In re Home Stake Production Co. Securities, etc., 76 F.R.D. 337 (N.D.Okl.1975), cited by plaintiffs, is a special exception (fraud against the court was also involved) and is not controlling here.

 § 10(b) of the Securities Act does not provide any statute of limitations. One must look to analogous state law. The analogous Michigan statute used in 10(b) litigation is the statute on common law fraud. IDS Progressive Fund, Inc. v. First of Michigan Corp., 533 F.2d 340 (6th Cir. 1976). This period is six years, extending from the date of the fraud. M.C.L.A. § 600.5813. The sale of securities took place in 1971. Under this view, the statute ran in 1977, one and a half years before the "Doe" defendants were added to this case.

Alternatively, plaintiffs' argument that there was fraudulent concealment, thus tolling the statute, also fails. The relevant Michigan statute on fraudulent concealment is M.C.L.A. § 600.5855, which provides:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Reading these two statutes together, it appears that plaintiffs may have either 6 years from the date of the fraud under the common law fraud statute or 2 years from the date of discovery of the fraud under the fraudulent concealment statute, whichever is longer. Since the complaint alleges that fraud was discovered in 1973, a two year

 

period would also bar an action against the "Doe" defendants here.

Plaintiffs urge us to rely on the December 15, 1980, Memorandum Opinion and Order of Judge Boyle which allowed plaintiffs to add the additional "Doe" defendants who are bringing this motion to dismiss. Judge Boyle ruled that the plaintiffs were not barred by the statute of limitations, relying on a Magistrate's report urging this view. Although there is certainly a very strong presumption in favor of following previous decisions made by judges in this district with regard to the same matter presently before us, we cannot avoid the conclusion that, simply put, the Magistrate's report was in error. It apparently confused the six year statute on fraud with the two year period on fraudulent concealment. An examination of both of these relevant statutes will show that this complaint is barred by the statute of limitations as against these "Doe" defendants.

### III

The federal claims against the newly-added "Doe" defendants before us are therefore dismissed. We also believe that the pendent state claims [5] against these "Doe" defendants must also be dismissed. The test for dismissal of pendent state claims is set out in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966): "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. A court should look to "considerations of judicial economy, convenience and fairness to litigants" and should avoid needless decisions on state law. *Id.* All of these factors require dismissal here. *See Berman v. Bache, Halsey, Stuart, Shields, Inc.*, 467 F.Supp. 311 (S.D. Ohio 1979); *Nash & Associates, Inc. v. Lum's of Ohio, Inc.*, 484 F.2d 392, 395–96 (6th Cir. 1973) (dismissals of pendent state claims after 9(b) dismissal in securities cases).

Because the state claims substantially predominate here, they are dismissed without prejudice. Wright, *Handbook of the Law of Federal Courts* 74 (2d ed. 1976).

---

5. The pendent state claims against the "Doe" defendants include: alleged violations of the Uniform Securities Act of Michigan, fraud and deceit, breach of fiduciary duty, conspiracy to defraud, breach of contract, money had and received, negligent and fraudulent and intentional misrepresentation, breach of escrow agreement, usury, and conspiracy to inflict mental suffering.