James T. McDONOUGH, Marshall D. Davis, Maurice L. Lariviere, Howard J. and Carmela V. Manetti, Scott A. Klososky, Kathleen Parker, Ralph H. Grills, Jr., Carroll SoRelle, Ford R. and Laura C. Dunn, Kathy Gibbens and George Schroder, Plaintiffs,

v.

AMERICOM INTERNATIONAL CORPORATION n/k/a Americom Business Centers, Inc. and Paul E. Tatum, Defendants.

No. 92–273–CIV–T–17–C.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1993.

William T. Kirtley, William T. Kirtley, P.A., Sarasota, FL, for plaintiffs.

Bruce Brashear, Watson, Folds, Steadham, Christmann, Brashear & Tovkach, Gainesville, FL, for defendants.

### ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim and Plaintiffs' response thereto. Defendant alleges that the Second Amended Complaint fails to allege fraud or misrepresentation with particularity. Defendant further asserts that the Second Amended Complaint fails to allege reliance by Defendant Americom with specificity. Finally, Defendant argues that Plaintiffs failed to make a demand upon the directors pursuant to Florida Statute section 607.07401(2) (1991).

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests ... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules of Federal Procedure ..." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). This Court must not dismiss a complaint for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Id.* A trial court, in ruling on a motion to dismiss, must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II. BACKGROUND

Plaintiffs in this action filed a derivative complaint on behalf of Defendant Americom International Corporation against Defendant Paul E. Tatum alleging acts of fraud by Tatum against Defendant Americom relating to the sale, purchase and issuance of 400,-000,000 shares of the Common Capital Stock, $.0001 par value, of Defendant Americom to Tatum. The Second Amended Complaint alleges violations of sections 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, violations of the Florida Securities and Investor Protection Act at Florida Statutes sections 517.241 and 517.301, and common law fraud and deceit.

Plaintiffs concede that they did not make a demand upon the present Board of Directors of Defendant Americom to initiate and prosecute said fraudulent actions. Plaintiffs plead that a demand would have been futile because the Board of Directors consisted of Defendant Tatum and two other persons under his dominion and control.

Plaintiffs' Second Amended Complaint alleges that Defendant Americom agreed with Americom International Corporation and Tatum to the effect that Tatum might exercise a Stock Purchase Warrant allowing his acquisition of 100,000,000 Americom Shares after he obtained an enforceable right for Americom International to establish a business and corporate center in the City of Moscow, Russia. According to the pleading, Defendant Tatum made material misrepresentations as to the progress of Defendant Americom's efforts to establish the corporate and business center in Moscow. In addition, he intentionally tried to prevent such action by his misrepresentations. Plaintiffs allege that Defendant Tatum acquired the Americom Shares by fraudulent and illegal acts, after the exercise date of such Warrant. In addition, Tatum allegedly exercised the Warrant in the absence of an enforceable right to establish the corporate and business center in Moscow. According to the Second Amended Complaint, Tatum fraudulently refused to distribute any of Americom Shares or Warrants he obtained to any other key management personnel of Americom, but instead retained them for his own account, directly contravening the Purchase Agreement. The Second Amended Complaint states that Defendant Tatum used his illegally obtained voting power to remove two directors who insisted that he honor the terms and provisions of the Purchase Agreement. Plaintiffs contend that Tatum then installed two directors under his dominion and control.

In his Rule 12(b)(6) Motion, Defendant asserts that Plaintiffs did not allege fraud with sufficient particularity to enable Defendant Tatum to determine the subject, origin, content and time of the alleged misrepresentations. Defendant also alleges that the Second Amended Complaint failed to plead reliance by Defendant Americom with sufficient specificity to state a claim. Defendant claims that Plaintiffs omitted to allege a demand upon the directors pursuant to Florida Statute section 607.07401(2). Finally, Defendant moves that the Second Amended Complaint is deficient for want of verification as required by Florida Statute section 607.-02401(2) (1991).

## III. DISCUSSION

### A. Failure to Allege Fraud with Particularity

A successful cause of action under Section 10(b) and Rule 10b–5 requires proof

of a (1) misstatement or omission (2) of a material fact (3) made with scienter (4) upon which the plaintiff relied (5) that proximately caused the plaintiff's loss. *Ross v. Bank South, N.A.,* 837 F.2d 980 (11th Cir.1988).

By pleading that Defendant Americom entered into an agreement with the Defendant Tatum, Plaintiffs have sufficiently demonstrated reliance upon fraudulent representation to withstand a motion to dismiss.

In *Friedlander v. Nims,* the Eleventh Circuit Court considered the question of pleading fraud with particularity in a securities law context. The court stated that Rule 9(b) must not be read to abrogate the notice pleading requirements of Rule 8. Therefore, a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading. 755 F.2d 810 (11th Cir.1985). The court noted that the "clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed. *Id.* at 813. In the pleading before this court, Plaintiffs have stated the particular circumstance that Defendant Tatum exercised his Warrant in the absence of an entitlement by Defendant Americom to establish a business location in Moscow.

The purpose of Fed.R.Civ.Proc. 9(b) is to ensure that allegations are specific enough to provide defendants sufficient notice of the acts complained of and to enable them to prepare an effective response and defense, to eliminate those complaints filed as a pretext for the discovery of unknown wrongs, and to protect defendants from unfounded charges of wrongdoing that injure their reputations and goodwill. *Viscomi v. Paine, Webber, Jackson & Curtis, Inc.,* 596 F.Supp. 1537, 1539 (S.D.Fla., N.D.1984) quoting *Benoay v. Decker,* 517 F.Supp. 490, 492 (E.D.Mich. 1981). "Allegations of fraud in the securities context should be stated with particularity because generally the information giving rise to the action is available before commencement of the suit." *Id.* at 1539. Logically, where such information is not available before commencement, this requirement should be relaxed. In *Benoay,* the court found in-

sufficient a complaint in which the plaintiff only tied the defendant to alleged acts as a co-conspirator, with no further detail. In contrast, Plaintiffs have pointed to specific actions by the Defendant Tatum which were contrary to the agreement with Defendant Americom.

The Eleventh Circuit has also declared that: "Allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity ..." *Durham v. Business Management Associates,* 847 F.2d 1505, 1512 (11th Cir.1988). Plaintiffs here need only allege the existence of circumstances sufficient to warrant the pleaded conclusion that fraud has occurred to meet the requirement of pleading the circumstances constituting fraud with particularity. *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982). This Court does not find Defendant's argument that Plaintiffs needed to "state the subject, origin, content, and time of the original misrepresentations as well as the nature of the reliance thereon" to be persuasive. (Defendant's Motion to Dismiss at 3) It was sufficient that Plaintiffs alleged that Defendant Tatum exercised his Warrant before securing entitlement for the Defendant Americom to establish a business and corporate center in the City of Moscow. In light of the broad latitude for discovery provided by the Federal Rules of Civil Procedure, this Court concludes that Plaintiffs' pleading alleged fraud and misrepresentation as to all counts with sufficient particularity to survive a Rule 12(b)(6) motion to dismiss.

## B. Failure to Make Demand

The Plaintiffs' Second Amended Complaint asserts that a demand upon the directors of Americom would have been futile because Defendant Tatum dominated the three-member board of directors. Plaintiffs underscored their allegation by asserting that Defendant Tatum engaged in self-dealing behavior and had replaced two directors who opposed his failure to abide by the agreement with Defendant Americom. Plaintiffs correctly argue that the law of the state of incorporation is determinative of any demand requirement. *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 111 S.Ct.

1711, 114 L.Ed.2d 152 (1991). In *Conlee Construction Co. v. Cay Construction Co.,* Florida's Fourth District Court of Appeal held that a "demand on the directors to bring the action, a condition precedent to suit, is excusable *where the demand obviously would be unavailing.*" 221 So.2d 792, 796 (Fla. 4th DCA 1969). This exception to the requirement of a demand harmonizes with exceptions in federal case law to the demand requirement, e.g., where a director is self-dealing or a board is so dominated by defendant directors that a demand would be futile. *Heit v. Baird,* 567 F.2d 1157 (1st Cir.1977); *Cramer v. General Tel. & Elec. Corp.,* 582 F.2d 259, 276 (3d Cir.1978) *cert. denied* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979).

### C. Verification of the Complaint

■ Defendant's argument to dismiss the Second Amended Complaint for the absence of verification is persuasive. Rule 23.1 requires a derivative action plaintiff to verify his complaint to ensure that the court will not be used for "strike suits" and that the plaintiff has investigated the charges. *Halsted Video, Inc. v. Guttillo,* 115 F.R.D. 177, 180 (N.D.Ill.1987). However, "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. at 48, 78 S.Ct. at 103.

Failure to verify is a technical defect curable by amendment. *Nussbacher v. Continental Illinois Bank & Trust Co.,* 61 F.R.D. 399, 401 (N.D.Ill.1973) *rev'd on other grounds,* 518 F.2d 873 (7th Cir.1975), *cert. denied,* 424 U.S. 928, 96 S.Ct. 1142, 47 L.Ed.2d 338 (1976). Plaintiffs' failure to verify the Second Amended Complaint does not entitle the defendants to summary judgment. *Halsted Video* at 180; *Nussbacher* at 399.

**ORDERED** that the Rule 12(b)(6) motion to dismiss be **denied.** Plaintiff is directed to verify his complaint within 30 days.

**DONE and ORDERED.**