NCR CREDIT CORP.,
Plaintiff/Counterdefendant,

v.

REPTRON ELECTRONICS, INC.,
Defendant/Counterclaimant,

v.

NCR CORPORATION, Third
Party Defendant.

No. 94–306–CIV–T–17C.

United States District Court,
M.D. Florida, Tampa Division.

June 10, 1994.

---

Paul Joseph McMahon, Schulte, Blum, McMahon, Joblove & Haft, Miami, FL, for NCR Credit Corp.

Richard Michael Blau, Holland & Knight, Tampa, FL, for Reptron Electronics, Inc.

### *ORDER ON MOTION TO DISMISS*

KOVACHEVICH, District Judge

This cause is before the Court on Plaintiff/Counter-defendant's (NCR Corp.) timely filed Motion to Dismiss Count II of Counterclaim for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6) (Docket No. 14) and Defendant/Counterclaimant's (Reptron's) timely filed response thereto. Counterdefendant alleges that the counterclaim fails to plead fraud with particularity as required under Fed.R.Civ.P. 9(b).

## I. STANDARD OF REVIEW

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Interfase Marketing Inc. v. Pioneer Technologies Group,* 774 F.Supp. 1355, 1356 (M.D.Fla.1991).

## II. DISCUSSION

■ In examining Count II of Reptron's counterclaim against NCR Credit Corp. for fraud in the inducement the court must apply Rule 9(b) which requires that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: (1) provide defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect defendants from unfounded accusations of immoral and otherwise wrongful conduct. *Knight v. E.F. Hutton and Co., Inc.,* 750 F.Supp. 1109, 1114 (M.D.1990).

■ This Court recognized in *McDonough v. Americom Int'l Corp.,* 151 F.R.D. 140 (M.D.Fla.1993), quoting *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985), the need to "harmonize the directives of Rule 9(b) with the broader policy of 'notice pleading'" embodied in Rule 8. The Court noted that "allegations of fraud in the securities context should be stated with particularity because generally the information giving rise to the action is available before commencement of the suit." *McDonough,* 151 F.R.D. 140 (M.D.Fla.1993) (quoting *Viscomi v. Paine, Webber, Jackson & Curtis, Inc.,* 596 F.Supp. 1537, 1539 (S.D.Fla., N.D.1984)). However, "where such information is not available before commencement, this require-

ment should be relaxed." *McDonough,* 151 F.R.D. 140 (M.D.Fla.1993). See also *In re Sahlen & Associates. Inc. Securities Litigation,* 773 F.Supp. 342, 352 (S.D.Fla.1991) ("[A]llegations which provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud are sufficient.") It should be noted, however, that the court in *In re Sahlen,* recognized that the "strict application of Rule 9(b) could result in substantial unfairness to private litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud." The "reasonable delineation of the underlying acts and transactions" test should only be applied in those cases where due to the nature of the litigation, such as securities fraud, it is impossible for the litigant to have access to the detailed knowledge necessary to otherwise meet the requirement of Rule 9(b). In such case, the strict requirement of Rule 9(b) is relaxed so that substantial justice can be done.

■ The purpose of harmonizing Rule 8 "notice pleading" requiring only a "short and plain statement" with the particularity requirement of Rule 9(b) is to allow that all pleadings be construed as to do "substantial justice" as required under Rule 8(f). The requirements of Rule 9(b) are not, however, to be lightly abrogated in favor of the more liberal requirements of Rule 8, but, rather, should be strictly applied in all cases except where justice would otherwise be abridged.

In limited circumstances, courts have recognized other pleading methods that satisfy the requirements of Fed.R.Civ.P. 9(b). The Eleventh Circuit Court of Appeals, in *Durham v. Business Management Associates,* 847 F.2d 1505, 1512 (11th Cir.1988), held that "alternative means are also available to satisfy the rule." The court in *Durham* relied on an affidavit also submitted by the appellee and concluded that "We believe that the allegations contained in the amended complaint and the affidavit before the district court on the motion for summary judgment satisfy the requirements of Rule 9(b)." Similarly, in *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984) the court approved alternative

means. ("Seville adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud.")

In Reptron's Response In Opposition To NCR Credit Corp.'s Motion To Dismiss Counterclaim, counterclaimant relies on this Court's decision in *Ong v. Brown, Rudnick, Freed, Gessmer, P.A.,* 1994 WL 143075 (M.D.Fla.1994). The Court having had the benefit of reviewing all of the pleadings concludes that the *Ong* case is not analogous to the case at bar. In *Ong,* the plaintiff's complaint "allege[d] time ... place ... identity of party making the alleged misrepresentation ... and the content of the statement;" whereas, the instant case is devoid of such specific allegations. Recently, the Eleventh Circuit in *Cooper v. Blue Cross and Blue Shield of Florida, Inc.,* 19 F.3d 562 (11th Cir.1994) stated that the "complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Additionally, the court in *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771 (7th Cir.1994) concluded that "the case law and commentary agree that the reference to 'circumstances' in the rule requires the plaintiff to state 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' "

■ Reptron's allegations in Count II of its Counterclaim are mere conclusory allegations which do not satisfy the particularity requirement of Rule 9(b). Nowhere does Reptron allege a specific date, time, or name, nor does it quote any misstatements made by NCR Credit.

In attempting to establish a time frame, Reptron vaguely states that "fraudulent representations occurred 'at all times prior to Reptron's execution of the Master Agreements and Assignments' " and, thus, "were not limited to a particular day or time." Although the alleged fraudulent representations occurred repeatedly on different days and times, Reptron should still be able to document specific days and times that those misrepresentations occurred.

Reptron states that misrepresentations were made "by agents of NCR Corp. during the course of Reptron's business dealings with NCR Corp. at their respective places of business." Again, Reptron fails to establish who the NCR Corp. agents were who made the misrepresentations and whether those misrepresentations occurred at Reptron's place of business, NCR Credit's place of business, or elsewhere.

Additionally, Reptron's complaint fails to provide notice of the content of the misrepresentations supposedly made by NCR Corp. Reptron merely states that it was "promised by NCR Corp. ... that the NCR equipment was suitable for the particular current and future needs identified by Reptron." Since Reptron identified its needs and sought a proposal for suitable equipment, surely Reptron knows what those needs are and what promises were made to specifically meet those needs. It is necessary that Reptron set out in its complaint specifically what NCR Corp. alleged its equipment would do for Reptron.

■ Finally, in arguing that NCR Credit is not entitled to the full protection of Rule 9(b) because NCR Credit is the plaintiff in the initial action, Reptron misstates the law in *Eastover Corporation v. Rhodes,* 1992 WL 245568. The court noted in *Eastover* that it "has not been directed to any cases in which Fed.R.Civ.P. 9(b) was interpreted to protect a plaintiff from vague allegations by a defendant" *in his answer.* Reptron misquotes the *Eastover* court, leaving out the crucial last three words, "in his answer." Clearly, an answer is not the same as a counterclaim. An answer may contain defenses, but a counterclaim asserts a cause of action. Reptron has asserted the counterclaim, making NCR Credit in that action the counterdefendant. As counterdefendant, it is entitled to any and all protections afforded by Rule 9(b) including protection against damage to its reputation and protection against spurious suits.

## III. CONCLUSION

In the present case, applying the relevant standards and law, Counterclaimant's have

694

failed to meet the pleading burden of Fed. R.Civ.P. 9(b). Accordingly, it is

**ORDERED** that Counterdefendant's Motion to Dismiss (Docket No. 14) be **granted** and the Counterplaintiff **shall have** ten (10) days from the date of this order to file an amended complaint which corrects the noted deficiencies or the counterclaim will be dismissed from these proceedings.

**DONE** and **ORDERED.**