**In re Paul D. EVANS, SS #287–58–1668, Debtor.**

**Michael J. WIETHE, Trustee, Plaintiff,**

v.

**Garry T. BRASCH and Otto Stephen Brasch, IV, Defendants.**

**Adv. No. 1–84–0249.**

**Related Case No. 1–84–02110.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 22, 1985.

As Amended Sept. 9, 1985.

John D. Holschuh, Jr., Cincinnati, Ohio, for defendants.

Michael J. Wiethe, Cincinnati, Ohio, for plaintiff.

Forest Heis, Cincinnati, Ohio, for debtor.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, trustee for the debtor, filed a complaint December 5, 1984 for specific performance of a real estate purchase contract. Plaintiff alleges that he assumed an executory contract for the purchase of real estate which had been entered into on August 25, 1984 by the debtor as seller, and the defendants, as buyers. The plaintiff further alleges that he was notified prior to the scheduled closing date that the defendants did not intend to purchase the property because they could not obtain financing and that they would not attend the closing. Plaintiff further alleges he was at all times ready, willing and able to convey the property. The plaintiff has attached and made part of the complaint a copy of the purchase contract and the motion and order allowing the trustee to assume the contract.

No answer or responsive pleading was filed until February 25, 1985 when defendants filed a motion to dismiss. The memorandum filed along with the motion states that the complaint should be dismissed because plaintiff has failed to state a cause of action upon which relief can be granted. The defendants argue that the purchase contract states that it becomes void if the defendants could not obtain financing of a specified nature by September 27, 1984 and plaintiff's complaint fails to allege that defendants were able to obtain the necessary financing.

About one month later, before any responsive memorandum was filed, the defendants filed an affidavit of defendant Garry Brasch. Much later, on May 28, 1985, plaintiff responded to the motion to dismiss and also moved to amend his complaint attaching two affidavits and a document from a bank. Defendants did not respond to plaintiff's motion to amend his complaint.

Defendants have captioned their motion as a Motion To Dismiss Pursuant To F.R. Civ.P. 12(b)(6). In ruling on this type of motion to dismiss, the court is permitted to look only to the complaint to determine whether it states a cause of action. Therefore, we will exclude any consideration of the affidavits and other documents submitted by the parties in ruling on this motion.

■ Defendants' motion to dismiss is well taken. The contract attached to the complaint shows that there is a condition precedent that the buyers be able to obtain financing in the amount of $125,000 at prevailing interests rates by September 15, 1984. This date was extended by an addendum to the contract until September 27, 1984. The contract states that the purchase agreement is null and void if this condition is not met. Plaintiff fails to allege in his complaint that this condition has been met. With this omission the facts alleged in the plaintiff's complaint, even if true, are insufficient to state a cause of action against these defendants. Accordingly, we grant the defendants' motion to dismiss.

■ Further, we grant plaintiff's motion to amend his complaint. Pursuant to F.R. Civ.P. 15(a) leave to amend a pleading should be freely given when justice so requires. In the present case justice requires that the plaintiff be able to amend a technical omission in the complaint. The defendants have not provided us with any memorandum contra to plaintiff's motion. Plaintiff shall have twenty (20) days from the date of this order to file an amended complaint. **This case will be dismissed if an amended complaint is not timely filed.**

We further note that F.R.Civ.P. 12(b) would allow us to consider the various affidavits and documents presented by the parties and treat defendants' motion to dismiss as one for summary judgment. As indicated above we have declined so to treat the motion. We note, however, that we have reviewed the various affidavits and documents, and it appears to us that sum-

mary judgment would not be available in any case because an issue of fact exists.

SO ORDERED.