Sheryl A. RICKMAN, Plaintiff,

v.

PRECISIONAIRE, INC., a Florida corporation, and Dian Gerhart, Defendants.

No. 95-518-CIV-T-17A.

United States District Court, M.D. Florida, Tampa Division.

Oct. 17, 1995.

Michael S. Schwartzberg, Schwartzberg & Witt, P.A., St. Petersburg, FL, for plaintiff.

Mark E. Levitt, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, for defendants.

## ORDER ON DEFENDANT GERHART'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant Dian Gerhart's Motion to Dismiss and Memorandum of Law in Support (Doc. Nos. 6–7, filed May 25, 1995), and Plaintiff Sheryl Rickman's Response to Order to Show Cause coupled with Plaintiff's First Amended Complaint (Doc. No. 10, filed June 26, 1995).

### I. Procedural History

This case was initially commenced by the Complaint (Doc. No. 1) filed April 3, 1995. The Complaint alleged that the actions of Defendants Precisionaire, Inc. (Precisionaire), and Gerhart constituted pregnancy discrimination in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 701(k) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e(k), et seq. Defendant Gerhart (individually) then filed her Motion to Dismiss (Doc. Nos. 6–7) for Plaintiff's failure to state a claim upon which relief can be obtained. Defendant Gerhart argued that individual liability is not available under Title VII, and therefore, her Motion to Dismiss should be granted. Plaintiff filed her response (Doc. No. 10) and attached a First Amended Complaint which establishes Defendant Gerhart's liability in her official capacity as an agent of Defendant Precisionaire (opposed to her liability individually). Plaintiff asserts that this Court has jurisdiction over Defendants Precisionaire and Gerhart pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

### II. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). The scope of review concerns the allegations contained within the four corners of the Complaint. This Court, in ruling on a motion to dismiss, must accept Plaintiff's well pleaded facts as true, and construe the Complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### III. Facts

The facts as alleged in the Complaint may be summarized as follows: Plaintiff was employed by Defendant Precisionaire on or about June 1, 1992, as a customer service representative. For the next year, Plaintiff's work was considered more than satisfactory. On or about July 1, 1993, the Plaintiff informed Defendant Gerhart, Plaintiff's supervisor, that she was pregnant. The Plaintiff at the time was not married. From the day that Plaintiff informed Defendant Gerhart about her pregnancy, Gerhart commenced a pattern of harassment and discriminatory conduct towards Plaintiff. As a result of the stress caused by Defendant Gerhart, Plaintiff suffered a miscarriage on August 1, 1993. For approximately the next two (2) months, Defendant Gerhart ceased to harass the Plaintiff.

On or about November 19, 1993, Plaintiff informed Defendant Gerhart that she, the Plaintiff, was pregnant again. Once again, Gerhart engaged in unwarranted harassment and criticism of the Plaintiff. On January 18, 1994, Plaintiff complained to James Zufall, Defendant Precisionaire's Personnel Manager, about Defendant Gerhart's mistreatment of her. Zufall advised Plaintiff that he was aware of Defendant Gerhart's unfair treatment of the Plaintiff. About three (3) weeks later, Plaintiff's employment with Precisionaire was terminated at the insistence of Defendant Gerhart.

The Defendants' discriminatory conduct was done intentionally and with malice in violation of Plaintiff's federally protected employment rights to work in an environment free from pregnancy discrimination.

*IV. Discussion—Defendant's Motion to Dismiss Claim Against Defendant Gerhart Individually*

■ Defendant Gerhart is named as a defendant in her individual capacity in Count I. Defendant Gerhart moves this Court to dismiss her from this action because employers, not individuals, are held liable for pregnancy discrimination under Title VII. The rule in this circuit prior to the 1991 amendments to Title VII of the Civil Rights Act of 1964 was that "[i]ndividual capacity suits under Title VII are ... inappropriate." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991). The *Busby* court stated that "[t]he relief granted under Title VII is against the employer" and "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.*

The Plaintiff contends, however, that the 1991 amendments authorizing compensatory and punitive damages illustrates Congress's intent to permit individual capacity suits under Title VII. Furthermore, the Plaintiff points out that this Court has recognized the liberal construction that should be given to Title VII in order to "eradicat[e] the evils of employment discrimination." *Ebeh v. Trithart,* 8 Fla.L.Weekly Fed. D688, 1995 WL 127143 (M.D.Fla.1995).

However, the rule followed by *Busby,* which prohibits individual liability for damages for discrimination, has not been affected by the 1991 amendments to Title VII. And although Congress defined "employer" to include any "agent," this does not impose individual liability but only holds the employer accountable for the acts of its individual agents. *Marshall v. Miller,* 873 F.Supp. 628 (M.D.Fla.1995). See also *Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976 (M.D.Ala.1994); *Saville v. Houston County Healthcare Authority,* 852 F.Supp. 1512 (M.D.Ala.1994). More specifically, the *Sa-*

*ville* court concluded that the Title VII statutory scheme, which limits liability to employers with fifteen (15) or more employers and places caps that are based on the size of the company with regard to damages, does not intend to impose individual liability on employees. *Saville,* 852 F.Supp. at 1512.

Additionally, further support that individual capacity suits under Title VII are inappropriate in the Middle District is the fact that Chief Judge John Moore of the Middle District of Florida has followed this rule in some of his post–1991 decisions. See *Rumbel v. Snuggs,* —— F.Supp. —— [1995 WL 774601] (M.D.Fla.1995); *Moore v. Wendy's Int'l, Inc.,* Case No. 94–372–CIV–J–16, 1994 WL 874973 (M.D.Fla.1994).

Therefore, this Court finds that the 1991 amendments to Title VII of the Civil Rights Act of 1964 did not change the law in the Eleventh Circuit which does not recognize individual liability for Title VII claims. Accordingly, it is

**ORDERED** that Defendant Gerhart's Motion to Dismiss (Doc. No. 6) be **granted without prejudice** and leave to file proposed First Amended Complaint be **granted;** Defendants **shall have** ten (10) days from this date to respond to Plaintiff's First Amended Complaint.

**DONE and ORDERED.**