Alan Thomas M. **WILLIAMS** and
Marta Elizabeth (Quinn)
Williams, Plaintiffs,

v.

Everett E. and Joyce E. **BIERMAN**, Sylvia F. Carra, Ph.D., Judge Katherine G. Essrig, and State of Florida, Defendants.

No. 98–1365–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

April 13, 1999.

Alan Thomas M. Williams, Athens, GA, pro se.

Marta Elizabeth Williams, Athens, GA, pro se.

Mark Paul Buell, Donna Suarez Koch, Schropp, Buell & Elligett, P.A., Tampa, FL, for Everett E. Bierman, Joyce E. Bierman.

*Ronald Edward Bush, Bavol, Bush & Sisco, P.A., Tampa, FL, for Sylvia F. Carra, Ph.D.

Charlann Jackson–Sanders, Jean–Jacques Antoine Darius, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for Katherine G. Essrig, Judge.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Bierman Defendants' Motion to Dismiss (Dkt. No. 8); Defendant Sylvia F. Carra's Motion to Dismiss (Dkt. No. 9); and Defendant Judge Katherine G. Essrig's Motion to Dismiss (Dkt No. 11). The Court has considered all responses to the motions.

### STANDARD OF REVIEW

A district court should not dismiss a complaint unless it appears, "beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a Plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed. R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, the court can only examine the four corners of the complaint. *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla. 1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

This Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, a court must accept a Plaintiff's well pled complaint in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *Powell v. United States,* 945 F.2d 374 (11th Cir. 1991). With this standard in mind, the Court turns to consider Plaintiff's claims.

### FACTUAL BACKGROUND

Plaintiffs Alan Thomas M. Williams and Marta Elizabeth (Quinn) Williams reside in Georgia. Defendants Everett E. Bierman and Joyce E. Bierman (the "Biermans") are the maternal grandparents of the minor child involved in this case, Rowan Danu Tara Quinn. Defendant Sylvia F. Carra, Ph.D. ("Dr.Carra") is a clinical psychologist, and her office is located in Tampa, Florida. Defendant Judge Katherine G. Essrig ("Judge Essrig") presides in the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Family Law, Division E.

The following facts are alleged in the Complaint and are relevant to the issues before this Court:

1. This is a civil action for equal rights and due process arising under Amendment 14 and Amendment 1 of the United States Constitution and Title 42, United States Code, §§ 1983 and 1988. (Dkt. No. 1, Paragraph 3).

2. On or about September 25, 1996, the Biermans, adoptive parents of Marta E. Quinn (nka) Williams, petitioned the court under Florida Statute § 752.01 for visitation with their granddaughter Rowan Danu Tara

Quinn, natural child of Marta E. Quinn (nka) Williams. (Dkt. No. 1, Paragraph 4).

3. Plaintiffs allege that the Biermans filed false statements in the petition filed on September 25, 1996 in violation of Florida Statute § 92.525 and in doing so violated Marta Quinn's civil rights. (Dkt. No. 1, Paragraph 4(a)).

4. In the petition for grandparent visitation, it alleged that the petitioners attempted to obtain reasonable visitation from their daughter and although they visited with the grandchild as recently as August 1996, attempts to obtain specific and additional visitation were rejected by Ms. Quinn. (Dkt. No. 1, Paragraph 4(a)(1)).

5. On or about November 8, 1996, the Biermans filed a motion for 1996 Holiday Visitation. (Dkt. No. 1, Paragraph 5).

6. Ms. Marta E. Quinn, pro se, responded and filed a motion to dismiss based on the right of privacy under Article 1, § 23 of the Florida Constitution. (Dkt. No. 1, Paragraph 6).

7. On or about November 13, 1996, the Motion for 1996 Holiday Visitation and Motion to Dismiss was heard before Judge Essrig, Circuit Court Judge of the Thirteenth Judicial Circuit; the motion was denied. (Dkt. No. 1, Paragraph 7).

8. The complaint in this action further alleges that Marta Quinn argued for equal protection under the law and was informed by Judge Essrig that she was not an attorney and does not understand these things. The Complaint alleges that this was a violation of Canon 3 of the Code of Judicial Conduct, Florida Rules of Court, and a violation of due process under the 14th Amendment. (Dkt. No. 1, Paragraph 7).

9. Plaintiffs allege that Florida Statute 752.01 is unconstitutional pursuant to Amendment 14 of the United States Constitution. (Dkt. No. 1, Paragraph 9).

10. The complaint also alleges that Judge Essrig violated the procedural due process rights of Marta E. Quinn (nka) Williams pursuant to Florida Statutes §§ 752.01(2) and 752.015 and the Florida Family Law Rules of Procedure 12.740 And 12.741. (Dkt. No. 1, Paragraph 13(a)).

11. On or about November 27, 1996, an Emergency Motion for Psychological Evaluation of the Minor Child and for an Order Prohibition Permanent Removal of the Child from the Jurisdiction of the Thirteenth Circuit was heard before Judge Essrig. This motion was granted, and Sylvia F. Carra, Ph.D., was appointed as the court's witness to evaluate Rowan Danu Tara Quinn, the minor child. (Paragraph 14(a)).

12. An oral motion for the appointment of a Guardian ad Litem for the minor child was brought by Marta Williams, and Judge Essrig ruled that an Attorney ad Litem would be best suited for this case. (Dkt. No. 1, Paragraph 14(b)).

13. Rowan Danu Tara Quinn, the minor child, was evaluated by Dr. Carra, on December 11, 1996, to determine if harm was caused by the alleged transfer of custody of the minor child to Alan Williams and Pamela Parker–Williams in 1992. (Dkt. No. 1, Paragraph 15).

14. Dr. Carra's report was dated April 3, 1997, and stated that she found no harm by the alleged act nor in the upbringing of the minor child. However, she found that due to the Plaintiffs' non-conforming lifestyle and religion, it was strongly recommended that a home study be per-

formed at the home of the Plaintiffs and at the home of Pamela Parker–Williams (care giver for Rowan Quinn). (Dkt. No. 1, Paragraph 16).

15. Plaintiffs allege in their Complaint that Dr. Carra speculated that a non-conforming religion could be grounds for potential harm without evidence to back up her findings or show how this would be a threat to the minor child. Plaintiffs also allege that Dr. Carra did not give a purpose behind why the home study was necessary. (Dkt. No. 1, Paragraph 17).

16. On or about June 9, 1997, the Court heard a Motion to recognize Dr. Carra as the court expert, and it was granted. The Plaintiffs allege that the court appointed Attorney Ad Litem was not present because Judge Essrig had not appointed one more than six months after the order was rendered. (Dkt. No. 1, Paragraph 18).

17. Plaintiffs allege that Dr. Carra, the State of Florida, and Judge Katherine Essrig violated the civil rights of Alan T. Williams and Marta Quinn Williams pursuant to the 1st and 14th Amendments of the United States Constitution. (Dkt. No. 1, Paragraph 19(a)).

18. Plaintiffs further allege that Judge Essrig violated procedural due process under the 14th Amendment and Canon 3 of the Code of Judicial Conduct because she failed to appoint an Attorney Ad Litem after she had ordered one. (Dkt. No. 1, Paragraph 19(b)).

19. On July 6, 1997, Rowan Quinn returned to Florida from her visit with Everett and Joyce Bierman. The Plaintiffs claim that the minor suffered from neglect, and the neglect was reported to child services in the states of Virginia and Florida. (Dkt. No. 1, Paragraph 19).

20. On July 16, 1997, Judge Katherine Essrig, with knowledge of the neglect charges and an investigation in progress, ordered that further visitation would continue with the Biermans for a two week period in Virginia. (Dkt. No. 1, Paragraph 20).

21. On July 29, 1997, Plaintiff Alan Williams felt that it was necessary to remove Rowan Quinn and Marta Williams from the jurisdiction of the Thirteenth Judicial Circuit for the safety and well-being of the minor child. As a result of the removal of Rowan Quinn, Alan and Marta Williams were forced to give up their business. Plaintiffs are alleging loss of potential future income as the result of their move. (Dkt. No. 1, Paragraph 21).

22. On September 15, 1997, Judge Essrig awarded temporary custody of the minor Rowan Quinn to Pamela Parker–Williams and Carrie Bernal, mother of Pamela Parker–Williams in an Emergency Status Conference. (Dkt. No. 1, Paragraph 23).

23. Marta Williams did not have knowledge of the September 15, 1997 Emergency Status Conference. The Plaintiffs allege that Pamela Parker–Williams had reasonable knowledge of Marta Williams' location, and no reasonable attempt was ever made to notify Marta Williams of this hearing. Plaintiffs allege under Florida Statute § 751.04 they were not afforded notice or an opportunity to be heard. (Dkt. No. 1, Paragraph 24).

24. Plaintiffs allege that Judge Essrig had knowledge that Marta Williams had not been served or given proper notification, and that the judge exceeded the inherent power of the court by proceeding with a hearing that all parties were not present or

represented. (Dkt. No. 1, Paragraph 24(a)(2)).

## DISCUSSION

### A. Defendants Everett E. Bierman and Joyce E. Bierman

■ Defendants Everett E. Bierman and Joyce E. Bierman filed a Motion to Dismiss Plaintiff's complaint for failure to state a claim upon which relief is granted. The Motion to Dismiss asserts that the alleged conduct of Defendants is not violative of Plaintiffs' constitutional rights and that Defendants enjoy absolute immunity for actions taken in conjunction with judicial proceedings. (Dkt. No. 8). This Court agrees.

■ It is well-settled that judicial officers and all participants in litigation, including parties, witnesses, and counsel are afforded absolute immunity from civil liability premised upon what is said or written in the course of a lawsuit, so long as the statements are relevant to the litigation. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.E.2d 331 (1978). In Plaintiff's Complaint, Plaintiffs allege that Everett and Joyce Bierman filed false statements in the petition for grandparent visitation and in doing so, violated the civil rights of Marta Quinn and the minor child, Rowan Danu Tara Quinn. The Complaint further alleges that Everett and Joyce Bierman's participation in the Emergency Status Conference violated the liberty and due process rights of the minor child; further, Plaintiffs allege that all Defendants in this case have violated their rights of due process, freedom of religion, and personal liberty.

In 1994, the Florida Supreme Court reaffirmed the principal that absolute immunity for judicial proceedings extended not only to the parties in a proceeding, but to judges, witnesses and counsel as well. *Levin v. United States Fire Ins. Co.*, 639 So.2d 606 (1994). In *Levin*, the court found that defamatory statements made on the course of judicial proceedings are absolutely privileged, "no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." *Id.* at 607. The court emphasized that the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable. *Id.* at 608.

■ The Biermans are not subject to liability as private individuals under 42 U.S.C. § 1983 or the 1st or 14th Amendments to the United States Constitution because those protections apply only if the deprivation of life, liberty or property is by governmental "state action" rather than by purely private action. A successful § 1983 action requires a showing that the conduct complained of: 1) was committed by a person acting under color of state law, and 2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Rey v. Kmart Corp.*, 1998 WL 656070, 11 Fla.L. Weekly Fed. D 855 (S.D.Fla. July 21, 1998). The facts alleged in Plaintiffs' Complaint do not show allegations for a successful § 1983 action. The Complaint does not show that the Biermans are state actors, nor does it show that the Biermans were acting under the color of state law.

Everett E. and Joyce E. Bierman are immune from civil liability and do not qualify as state actors. For the above-stated reasons, Defendants Everett E. Bierman and Joyce E. Bierman are absolutely immune from the allegations contained in Plaintiffs' Complaint.

### B. Defendant Sylvia F. Carra, Ph.D.

■ Defendant Sylvia F. Carra, Ph.D., filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 9). Defendant's Motion to Dismiss states that Dr. Carra is entitled to absolute immunity for actions taken in conjunction with judicial proceedings, Dr. Carra is not a "State Actor," and Dr. Carra has not deprived Plaintiffs of rights, privileges, or immuni-

ties secured by the laws or Constitution of the United States. This Court agrees.

In *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir.1992), the Eleventh Circuit Court of Appeals addressed the issue of whether private physicians unaffiliated with any state institution were acting under color of state law and thus potentially liable under § 1983. In *Harvey*, the court contrasted the situation where physicians were employees of a state-owned and state-operated hospital and found that private physicians, because they were private individuals and not employees of a state-controlled facility, were not state actors. In the present case, Dr. Carra is self-employed, and is not an employee of the State of Florida. Dr. Carra is a private, clinical psychologist and is a private person acting in a private capacity pursuant to a State court order. Dr. Carra is not acting under color of state law, and thus cannot be held liable under § 1983.

Dr. Carra has not deprived Plaintiffs of rights, privileges, or immunities secured by the laws or Constitution of the United States. In order for the Plaintiffs to establish a § 1983 action, they must prove that Defendant has deprived them of a federal right; Plaintiff has failed to demonstrate in the Complaint that Dr. Carra has done so. Therefore, Dr. Carra cannot be held liable for depriving Plaintiffs of their federal rights under the Constitution of the United States.

Dr. Carra is entitled to absolute immunity from liability; furthermore, Dr. Carra is not a "state actor" for the purposes of a § 1983 action and has not deprived the Plaintiffs of any federal rights. For the above-stated reasons, Defendant Dr. Carra is absolutely immune from the allegations contained in the Plaintiff's Complaint.

## C. Defendant Judge Katherine G. Essrig

■ Defendant Judge Katherine Essrig filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim for relief. (Dkt. No. 11). Defendant's Motion to Dismiss states that Judge Essrig is entitled to absolute immunity in connection with the allegations contained in Plaintiffs' complaint. This Court agrees.

■ Section 1983 imposes liability only for violations of rights protected by the Constitution ... It does not provide a remedy for any and all injuries inflicted by persons acting under color of state law. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987); *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir.1985). In actions for deprivation of civil rights brought under 42 U.S.C. § 1983, it has been held that "[j]udges are absolutely immune from civil liability under § 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.1994). The doctrine of judicial immunity, which is "vital to the proper administration of justice," is founded upon the notion that a judge must "be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citations omitted). A party may not name a judge as a Defendant in a civil action simply because they are dissatisfied with a particular outcome. Judge Essrig has the authority to adjudicate family law matters brought before her in court, and has absolute immunity in the present case. Accordingly, it is

**ORDERED** that the Bierman Defendants' Motion to Dismiss (Dkt. No. 8) is **GRANTED;** Defendant Sylvia F. Carra's Motion to Dismiss (Dkt. No. 9) is **GRANTED;** and Defendant Judge Katherine G. Essrig's Motion to Dismiss (Dkt. No. 11) is **GRANTED.** Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE,** and the Clerk of Corut shall enter a final judgment in favor of Defendants.