Vernon A. RABER and June
D. Raber, Plaintiffs,

v.

OSPREY ALASKA, INC., Charles J.
Lukey, and Irene M. Lukey,
Defendants.

No. 98–1676–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

June 17, 1999.

Vernon A. Raber, Washington, KY, pro se.

June D. Raber, Washington, KY, pro se.

Benjamin H. Hill, III, William H. Keen, Hill, Ward & Henderson, P.A., Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant, Charles J. Lukey's [hereinafter "Charles Lukey"], Motion to Dismiss, (Dkt.29), filed on May 7, 1999, and Plaintiffs, Vernon A. Raber's and June D. Raber's, response thereto, (Dkt.32), filed on May 25, 1999.

### STANDARD OF REVIEW

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232, 233 (M.D.Fla.1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). When a plaintiff proceeds *pro se,* their allegations must be read liberally and the court must hold the complaint to a less stringent standard than those drafted by attorneys. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

### BACKGROUND

Plaintiffs filed this cause of action on August 14, 1998, in a Complaint alleging breach of contract and fraud against Defendants Charles Lukey and Irene M. Lukey [hereinafter "Irene Lukey"]. (Dkt.1). On April 14, 1999, Plaintiffs filed an Amended Complaint with the Court adding Defendant Osprey Alaska, Inc. [hereinafter "Corporate Defendant"], to the action as an "alter ego" of Defendants Charles Lukey and Irene Lukey. (Dkt.27).

Plaintiffs' Amended Complaint alleges that on August 13, 1997, Plaintiffs signed an "Earnest Money Receipt" for the sale and purchase of the Corporate Defendant. Final papers for the sale and purchase of the Corporate Defendant were signed on November 13, 1997, between Plaintiffs and Defendant Charles Lukey, and on November 14, 1997, between Plaintiffs and Defendant Irene Lukey. Included within the final sale agreement was an agreement requiring Defendants to provide personal assistance to Plaintiffs for a specified period of time. Defendants were to provide personal assistance to Plaintiffs in matters relating to marketing, training, and operation of the Corporate Defendant.

Plaintiffs' Amended Complaint alleges that Defendant Irene Lukey and Defendant Charles Lukey individually, knowingly, and fraudulently represented that all assets, except for real property, were free and clear of all liens and encumbrances. Plaintiffs' Amended Complaint alleges that false representations were made by Defendants Charles Lukey and Irene Lukey to Plaintiffs, as to boats, floating equipment, automobiles, licenses, permits, and contractual requirements for performance. Plaintiffs allege that boats, floating equipment, and automobiles were contracted for based on false representations that they were free of all encumbrances. Plaintiffs also allege that the con-

tract with Defendants was entered into in reliance on Defendant Charles Lukey's and Defendant Irene Lukey's statements regarding the transferability of Defendants' beer and wine license and Defendants' Kenai National Wildlife Refuge permit.

Plaintiffs allege that Defendants fraudulently removed funds collected from clients of the Corporate Defendant after the date upon which Plaintiffs purchased Corporate Defendant and after the date upon which Plaintiffs were to receive the funds at issue. Plaintiffs state that Defendants received funds from clients of the Corporate Defendant on behalf of Plaintiffs in the amount of $14,221.95 without Plaintiffs' knowledge or authorization and that thereafter Defendants knowingly and fraudulently concealed those funds from Plaintiffs.

As a result of the above allegations, Plaintiffs state that the business failed and Plaintiffs could not make payments as agreed in the sale agreement entered into by Plaintiffs and Defendants. Due to the above allegations, Plaintiffs assert that all property sold to Plaintiffs was essentially worthless. Plaintiffs seek damages in the amount of $312,754.70 as well as pre-judgment and post-judgment interest, treble damages in the amount of $938,264.10, punitive amounts as the Court deems appropriate, and specific performance which would require that the property and assets be sold or transferred to Plaintiffs, the proceeds be used to satisfy previously held liens, the balance paid to Plaintiffs, and *pro se* attorney costs and fees be paid to Plaintiffs.

## DISCUSSION

### I. Privity

Defendant Charles Lukey asserts that dismissal is warranted because Plaintiffs have failed to state a claim against Defendant Charles Lukey. Defendant Charles Lukey states that Plaintiffs' Amended Complaint facially indicates that the Corporate Defendant was the only party to the alleged contract between Plaintiffs and Defendants and therefore, Plaintiffs have not alleged privity with respect to Defendant Charles Lukey.

Plaintiffs' Amended Complaint alleges that the Corporate Defendant is an alter ego of Defendant Charles Lukey and Defendant Irene Lukey. Plaintiffs' Amended Complaint supports the assertion that an alter ego relationship existed between the Corporate Defendant, Defendant Charles Lukey, and Defendant Irene Lukey, by stating that Defendant Charles Lukey admitted to being a "resident of the State of Florida, while also a registered agent of an Alaskan corporation," by stating that funds were transferred by Plaintiffs to Defendants through an account titled "Osprey Alaska Inc." and "Charles J. Lukey" with no differentiation between Defendant Charles Lukey and the Corporate Defendant, and by stating that the signatures contained on the face of the "Earnest Money Receipt" was made by Defendants Charles Lukey and Irene Lukey without identifying Defendants Charles Lukey or Irene Lukey as officers of the Corporate Defendant.

After considering the four corners of Plaintiffs' Amended Complaint this Court finds that dismissal of Plaintiffs' Amended Complaint because Defendant Charles Lukey was not in privity with Plaintiffs is not warranted. Under the law, a corporation is a legal entity created for convenience in conducting business. *See Shamrock Oil and Gas Co. v. Ethridge,* 159 F.Supp. 693, 695–96 (D.Colo. 1958). While a corporation is normally considered a separate legal entity that is distinct from its members, in certain circumstances, especially where fraud is alleged, the acts of a corporation are treated as the acts of the corporate members. *See id.* "The abstraction of the corporate entity should never be allowed to bar out and pervert the real and obvious truth." *See id.*

Courts have not been hesitant in finding that the corporate veil is pierced in cases where the corporation acts as an alter ego of the corporation's members. *See id.* When the alter ego doctrine is applied and the corporate veil is pierced, the corporation and the persons who dominate the corporation are treated as one person under the law. *See id.* Under the alter ego doctrine any acts committed by either the corporation or a member of the corporation are treated as the

acts of both and "if either is bound, by contract, judgment, or otherwise, both are equally bound." *See Shamrock Oil and Gas Co.*, 159 F.Supp. at 695–96.

■ Under Florida law, the corporate veil will not be pierced unless the party requesting that the corporate veil be pierced pleads "instrumentality and improper conduct." *See Morris v. Bischoff*, No. 96–1384–Civ–T–17A, 1997 WL 128114, at *8 (M.D.Fla. March 4, 1997); *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1117 (Fla.1984). Where the plaintiff pleads that a corporation is the instrumentality of the defendant and that the defendant engaged in improper conduct by failing to "observe corporate formalities, [by] commingling funds of the corporation with funds of other corporations and with [personal] funds, [by] using the assets of the corporation for his own personal use, [by] failing to adequately capitalize the corporation, and [by] using the corporate form to avoid liability," piercing the corporate veil is warranted. *See Morris*, No. 96–1384–Civ–T–17A, 1997 WL 128114 at *8.

■ After considering the four corners of Plaintiffs' Amended Complaint the Court finds that Plaintiff has alleged sufficient facts to survive a motion to dismiss for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). The Court finds that dismissal is not warranted because Plaintiffs have alleged that the Corporate Defendant is the mere alter ego of Defendants Charles Lukey and Irene Lukey. Plaintiffs also state that Defendants Charles Lukey and Irene Lukey commingled personal and corporate funds, have not complied with corporate requirements, and have acted fraudulently regarding boats, floating equipment, automobiles, licenses, permits, promises of performance, and receipt of corporate funds. In light of these specifically alleged facts, this Court finds that Plaintiff has alleged sufficient facts to survive a 12(b)(6) motion to dismiss.

## II. Conditions Precedent

Defendant Charles Lukey states that dismissal is warranted because Plaintiffs have failed to satisfy specific conditions precedent to Defendant Charles Lukey having an obligation to act under the contract. Defendant Charles Lukey states that the face of Plaintiffs' Amended Complaint provides sufficient evidence to support dismissal and specifically relies on paragraphs thirteen (13) and thirty-four (34) of Plaintiffs' Amended Complaint. Paragraphs thirteen (13) and thirty-four (34) of Plaintiffs' Amended Complaint state that the total price under the sales agreement entered into between Plaintiffs and Defendants was $750,000.00, of which Plaintiffs paid $150,000.00 as a down payment. Paragraphs thirteen (13) and thirty-four (34) further state that Defendant Charles Lukey held the Kenai National Wildlife Refuge Permit as collateral for the sales agreement entered into between Plaintiffs and Defendants because of Plaintiffs' inexperience and as a precautionary measure to avoid the permits loss.

■ A condition precedent is "any fact or event, subsequent to the making of a valid contract, which must exist or occur before a right to immediate performance can arise under the contract." *Matthieson v. United States Agricultural Stabilization and Conservation Serv.*, 63 B.R. 56, 59 (D.Minn.1986). "A condition precedent ... is to be performed before the agreement of the parties becomes operative. A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend." *See id.* (citing *Lake Co. v. Molan*, 269 Minn. 490, 131 N.W.2d 734, 740 (1964)). A condition precedent is not a promise and does not create rights and duties. *See id.* A condition precedent is merely a limiting or modifying factor of the rights and privileges created within the contract at issue. *See id.*

■ In support of dismissal Defendant Charles Lukey cites to *In re Evans*, 51 B.R. 404, 405 (Bankr.S.D.Ohio 1985). However, *Evans* is distinguishable from the case at hand. In Evans, the plaintiff attached a copy of the underlying contract to the complaint. *See Evans*, 51 B.R. at 405. The attached contract explicitly stated that a condition precedent existed. *See id.* Due to the fact that the contract in *Evans* contained an ex-

plicit condition precedent and the plaintiff failed to allege satisfaction of that condition within the complaint, the court granted the defendant's motion for dismissal. *See id.* The plaintiff in *Evans* was subsequently granted leave to amend the complaint. *See id.*

In the case at hand the Court's analysis is restricted to the four corners of Plaintiffs' Amended Complaint. While Plaintiffs original Complaint, (Dkt. 1), contained an attached copy of the contract at issue, the Amended Complaint does not. Therefore the Court's analysis will not include an analysis of the terms or language contained in the contract at issue.

▉▉▉▉ Under Florida law, recovery under a claim of breach of contract is limited to situations where the plaintiff establishes the existence of a contract, breach of that contract, and damages flowing from that breach. *See Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.,* 982 F.Supp. 873, 879–80 (S.D.Fla.1997); *Boim v. National Data Products, Inc.,* 932 F.Supp. 1402, 1405 (M.D.Fla.1996); *Loewer v. New York Life Insurance Co.,* 773 F.Supp. 1518, 1523–24 (M.D.Fla.1991); *Knowles v. C.I.T. Corp.,* 346 So.2d 1042, 1042–43 (1st DCA, 1977). Federal Rule of Civil Procedure 9(c) requires a complaint to "generally aver" that all conditions precedent have been performed or have occurred. Federal Rule of Civil Procedure 8(a)(2) further requires that a pleading be set forth with a "short and plain statement of ... the court's jurisdiction[,] ... [a] claim showing that the pleader is entitled to relief," and a "demand for judgment." Federal Rule of Civil Procedure 8(a)(2) has been previously interpreted by this Court to mean that a pleading must merely state a claim showing generally that the pleader is entitled to some form of relief. *See Loewer,* 773 F.Supp. at 1523–24.

In light of the previously discussed law and after reviewing the four corners of *pro se* Plaintiffs' Amended Complaint, this Court finds that Plaintiffs' Amended Complaint sufficiently establishes the existence of a contract, a breach of that contract, and damages flowing therefrom. Therefore, Defendant Charles Lukey's Motion to Dismiss for failure to plead the satisfaction of conditions precedent must be denied.

### III. Pleading with Particularity

Defendant Charles Lukey also alleges that Plaintiffs' Amended Complaint must be dismissed because Plaintiffs have failed to plead fraud with particularity. Defendant states that Plaintiffs failed to plead fraud with particularity even after receiving a warning by the Court.

▉▉▉▉ Pleading fraud with particularity is necessary under Federal Rule of Civil Procedure 9(b) in order to: (1) provide defendants with sufficient notice of the acts of which the plaintiff complains which will enable them to frame a response, (2) prevent fishing expeditions to uncover unknown moral wrongs, and (3) protect defendants from unfounded accusations of immoral and otherwise wrongful conduct. *See NCR Credit Corp. v. Reptron Electronics, Inc.,* 155 F.R.D. 690, 692 (M.D.Fla.1994). Federal Rule of Civil Procedure 9(b) is satisfied if there is a sufficient identification of the circumstances constituting fraud to allow a defendant to adequately answer the plaintiff's allegations. *See Denny v. Carey,* 72 F.R.D. 574 (E.D.Pa.1976).

▉▉▉▉ Federal Rule of Civil Procedure 9(b) should not be read in isolation and should not abrogate the concept of notice pleading. Federal Rule of Civil Procedure 9(b) must be read in conjunction with Federal Rule of Civil Procedure 8 regarding notice pleading. The Eleventh Circuit has stated that: "Allegations of date, time, or place satisfy the Rule 9(b) requirement that circumstances of the alleged fraud must be plead with particularity ..." *Durham v. Business Management Assoc.,* 847 F.2d 1505, 1512 (11th Cir.1988).

▉▉▉▉ When pleading fraud, the plaintiff generally should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud, and the place of the alleged fraud. *See Anthony Distributors, Inc. v. Miller Brewing Co.,* 904 F.Supp. 1363, 1365 (M.D.Fla.1995). The plaintiff should also quote or paraphrase the alleged fraudulent misrepresentations made

by the defendant. *See Metrahealth Insurance Co. v. Anclote Psychiatric Hospital, Ltd.,* No. 96–2547–CIV–T–17C, 1997 WL 728084, at * 2 (M.D.Fla. Oct. 23, 1997).

 Nevertheless, courts recognize that if the alleged fraud occurred over an extended period of time and the acts were numerous, the specificity requirements are less stringently applied. *See Anthony Distributors, Inc.,* 904 F.Supp. at 1366. This relaxed requirement is applied where "strict application of Rule 9(b) could result in substantial unfairness to private litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud." *NCR Credit,* 155 F.R.D. at 692. This does not negate the plaintiff's duty to adequately plead the contents of the alleged fraudulent representations and the places where the activity was to have occurred. *See Anthony Distributors, Inc.,* 904 F.Supp. at 1366.

 In the case at hand, Plaintiffs' Amended Complaint gives sufficient descriptions and details surrounding the alleged misrepresentations to satisfy Federal Rules of Civil Procedure 8 and 9(b). The Amended Complaint provides that fraudulent misrepresentations occurred in connection with the final sales agreements executed on October 13, 1997, November 13, 1997, and November 14, 1997. Plaintiffs state that the "Earnest Money Receipt" was signed in Washington State between Plaintiffs and Defendants on October 13, 1997, that final papers were signed on November 13, 1997, between Defendant Charles Lukey and Plaintiffs in the State of Florida, and that more final papers were signed by Defendant Irene Lukey while in Washington State on November 14, 1997. Plaintiffs state that an agreement was made between Plaintiffs and Defendants for Defendant Irene Lukey and Defendant Charles Lukey to provide personal assistance to Plaintiffs. This agreement was included within the final papers signed on October 13, 1997, November 13, 1997, and November 14, 1997. Plaintiffs allege that Defendants Charles Lukey and Irene Lukey failed to comply with the previous agreements and failed to act in an non-fraudulent manner when entering into them.

Plaintiffs further state that the sale agreement entered into by Plaintiffs and Defendants required Defendants to turn over all assets listed on the Corporate Defendants "Asset List" which included boats, floating equipment, automobiles, licenses, and permits. The assets, according to Plaintiffs' Amended Complaint were to be free of all liens and encumbrances. Plaintiffs state that the agreements entered into by Plaintiffs and Defendants on October 13, 1997, November 13, 1997, and November 14, 1997, required Defendants to provide free and clear title to real property by satisfying one of two contractual options. Once again, Plaintiffs allege that Defendants Charles Lukey and Irene Lukey failed to comply with the previously mentioned agreements and failed to act in an non-fraudulent manner when entering into them.

Plaintiffs Amended Complaint fully satisfies the requirements for alleging fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff has quoted specific statements made by Defendants, has provided specific dates and locations for the alleged misrepresentations, and has identified the individuals alleged to have made the misrepresentations to Plaintiffs. This Court is satisfied that Plaintiffs have provided sufficient detailed accountings of the alleged misrepresentations and fraudulent conduct to satisfy Federal Rules of Civil Procedure 9(b) and 12(b)(6). Therefore, Defendant Charles Lukey's Motion to Dismiss for failure to plead fraud with particularity will not be granted. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss, (Dkt.29), filed on May 7, 1999, be **denied** and Defendants shall have ten (10) days from this date to answer the Complaint.