**Thomas A. WOODARD, Jr., Plaintiff,**

**v.**

**CITY OF GULFPORT and G. Curt Willocks, in his individual capacity, Defendants.**

**No. 98-1455-CIV-T-17E.**

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1999.

Marcia S. Cohen, Cohen & Kyres, Craig L. Berman, Berman Law Firm, P.A., St. Petersburg, FL, for Thomas A. Woodard, Jr., plaintiff.

Charles J. Thomas, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, Timothy Patrick Driscoll, Driscoll & Prats, P.A., St. Petersburg, FL, Thomas M. Gonzalez, Charles J. Thomas, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for City of Gulfport and G. Curt Willocks, defendants.

## *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Willocks' Motion to Dismiss and Memorandum (Dkt.11), and Plaintiff's response (Dkt.12).

### I. *STANDARD OF REVIEW*

A district court should not dismiss a complaint for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss, this Court will examine only the four corner of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995).

In ruling on a motion to dismiss, a trial court must accept a Plaintiff's well pled facts as true and is required to view the

complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II. *FACTUAL BACKGROUND*

This action involves a suit by Thomas A. Woodard, Jr., a former employee of Defendant City of Gulfport ("Defendant City") and G. Curt Willocks, Chief of Public Safety of City of Gulfport Police Department. Plaintiff's Complaint consists of five counts. Counts I through IV of the Complaint are directed against the City of Gulfport, and include: (1) retaliation under Title VII; (2) retaliation under Florida Civil Rights Act of 1992; (3) violations of First and Fourteenth Amendment to the United States Constitution and Section 1983; and (4) violation of Article I, Section 4 of the Florida Constitution related to protected free speech.

Plaintiff asserts a claim against Defendant Willocks in Count V of the Complaint. This count alleges violations of the First and Fourteenth Amendments to the United States Constitution, and Section 1983, relating to protected free speech. Plaintiff began employment with Defendant City as a police officer on or about May 30, 1996. During February, 1997, Defendant Willocks questioned Plaintiff during an internal investigation commenced by Defendant City into allegations of sexual harassment made by another police officer.

Plaintiff asserts that he responded to all questions put to him by Defendant Willocks. Plaintiff alleges he disclosed matters of public concern during the investigation, including testimony that one or more police officers employed by Defendant City engaged in discriminatory conduct, made racial slurs about black individuals, told ethnic, gender or sexual jokes, and violated the rights of suspects during arrests. Plaintiff alleges that he disclosed other information on matters of public concern, which was unfavorable to the interests of the Defendants. Plaintiff asserts that he was terminated from his employment by Defendant City and Defendant Willocks on or about February 11, 1997 in retaliation for his testimony during the sexual harassment investigation and the disclosure by Plaintiff of matters of public concern which were unfavorable to the interests of Defendant.

## III. *DISCUSSION*

Plaintiff has asserted a claim against Defendant Willocks in his individual capacity. In this Count, Plaintiff alleges deprivation of rights under 42 U.S.C Sec. 1983 arising from a violation of the free speech clause of the First Amendment to the United States Constitution. Plaintiff alleges that he responded honestly to all questions put to him by Defendant Willocks. Plaintiff's Complaint further asserts that, in retaliation for the content of Plaintiff's free speech, Defendant Willocks caused the discharge of Plaintiff.

In his motion to dismiss, Defendant Willocks raises the defense of qualified immunity. Defendant Willocks further asserts that an individual defendant is entitled to qualified immunity at this stage in the proceedings if Plaintiff's Complaint fails to allege the violation of a clearly established constitutional right.

The Court must decide the issue based on the allegations of the complaint by viewing the facts in the light most favorable to the Plaintiff. The Court finds that Plaintiff has clearly stated through factual allegations the violation of his First Amendment guarantee of free speech. Plaintiff is required to demonstrate that Defendant Willocks violated clearly established constitutional rights of which a reasonable governmental official would have been aware. *See Tindal v. Montgomery County Comm'n.,* 32 F.3d 1535, 1539 (11th Cir.1994).

In his memorandum in support of his motion, Defendant Willocks explains that, in order to be entitled to protection under the First Amendment, the employee's speech must satisfy the *Pickering* two-pronged balancing test. First, the em-

ployee's speech must be a matter of public concern, and, second, the value of the speech must outweigh its potential for disruption of government workplace efficiency. *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). This Court analyzed the four part test set forth by the Eleventh Circuit when ruling on the case *Arenal v. City of Punta Gorda* . *See* 932 F.Supp. 1406 (M.D.Fla.1996). In *Arenal,* a city police officer brought an action against the city and its police chief, asserting § 1983 claims for First Amendment retaliation and deprivation of due process liberty interest. Albert Arenal was suspended from the city police force after he wrote a letter to the State Attorneys' Office, requesting the Grand Jury to investigate the management of the City's police department.

The four part test this Court used in analyzing the *Arenal* case, was the test announced in *Bryson v. City of Waycross. See* 888 F.2d 1562 (11th Cir.1989). The *Bryson* test examines:

> (1) whether the employee's speech involves a matter of public concern; (2) whether the employee's interest in speaking outweighs the government's legitimate interest in efficient public service; (3) whether the speech played a substantial part in the government's challenged employment decision, and (4) whether the government would have made the same employment decision in the absence of the protected conduct.

*Id.* at 1565–66.

**A. Protected Speech**

In analyzing the first step of the test, the Court must determine whether Plaintiff's protected speech is a matter of public concern. We look to the content, form and context of the speech in determining whether it is a matter of public concern. *See Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In his Complaint, Plaintiff contends he responded honestly to all questions put to him by Defendant Willocks and "disclosed matter of public concern during the investigation, including testimony that one or more police officers employed by Defendant City engaged in discriminatory conduct, made racial slurs about black individuals, told ethnic, gender or sexual jokes and violated the rights of suspects during arrests." (Dkt.1, ¶ 10). Reporting or testifying to sex or race discrimination suffered by co-employees or others within a public agency is unquestionably a matter of public concern. *See Tindal* at 1539. The Court concludes that, as a matter of law, Plaintiff's testimony, relating to the internal affairs investigation into sexual harassment, is protected by the First Amendment. Plaintiff's speech clearly involves matter of public concern because the testimony "brought to light actual or potential wrongdoing...." *Connick* at 148, 103 S.Ct. 1684. Second, not only was Plaintiff's testimony a matter of public concern, but Plaintiff's interest in speaking about the matters being investigated outweighs the government's efficiency interest. Plaintiff's interest outweighs the City's interest because, as an employer, the City lost little, if any, efficiency from Plaintiff's testimony. In fact, Defendant City and Defendant Willocks may have gained efficiency from Plaintiff's testimony if it did lead to the discovery of harassment in the workplace.

Assuming Plaintiff can prove his allegations at trial, the content, form and context of Plaintiff's testimony lead this Court to conclude that Plaintiff has satisfied the first two steps of the *Bryson* test.

**B. Causation**

Plaintiff also alleges sufficient facts that, if proven, would support an affirmative finding of fact on steps three and four of the *Bryson* test. Plaintiff alleges that the contents of his speech played a substantial part in the decision to discharge him, and, but for his testimony, he would not have been discharged. (Dkt.1, ¶ 31). This allegation tracks the language of *Bry-*

*son.* This Court rejects Defendant Willocks' argument to the contrary.

### C. Constitutional Deprivation

In his memorandum of law, Defendant Willocks asserts that "he exercised his discretionary authority to remove a probationary employee that he believed was being less than truthful during an important internal affairs investigation." Defendant Willocks offers no additional basis for his action or this claim. A First Amendment retaliation claim potentially encompasses any adverse employment decision. *Arenal* at 1413. Therefore, based on Plaintiff's preliminary satisfaction of the *Bryson* test, the Court **denies** Defendant Willocks' Motion to Dismiss Count V. Accordingly, it is

**ORDERED** that Defendant Willocks' Motion to Dismiss Count V (Dkt.11) is **denied.**